# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDEN GREEN CONDOMINIUM ) 
ASSOCIATION, )
 )
    Plaintiff, Counterclaim )
    Defendant, )
 )
        v. )    C.A. No. N17L-11-116 FWW
 )
STEPHANIE LARKIN, )
 )
    Defendant, Counterclaim )
    Plaintiff. )

Submitted: October 12, 2020
Decided: December 4, 2020

*Upon Plaintiff Counterclaim Defendant Linden Green Condominium
Association's Motion for Reargument*
**DENIED.**

## ORDER

Paul E. Bilodeau, Esquire, Losco & Marconi, P.A., 1813 N. Franklin Street, Wilmington, DE, Attorney for Plaintiff, Counterclaim Defendant Linden Green Condominium Association.

Frances Gauthier, Esquire, Legal Services Corporation of Delaware, Inc., 100 West 10th Street, Suite 203, Wilmington, DE 19801, Attorney for Defendant, Counterclaim Plaintiff Stephanie Larkin.

**WHARTON, J.**

This 4th day of December, 2020, upon consideration of Plaintiff Counterclaim Defendant Linden Green Condominium Association's ("Linden Green") Motion for Reargument,[1] the Response of Defendant Counterclaim Plaintiff Stephanie Larkin ("Larkin"),[2] and the record in this case, it appears to the Court that:

1.     On October 5, 2020, the Court denied Linden Green's motion for summary judgment.[3]    The Court denied Linden Green's motion for summary judgment because there appears to be genuine issues of material fact concerning the damage to Larkin's unit.[4]  Further, the Court denied Linden Green's motion because it seemed desirable to inquire more thoroughly into the facts to clarify what effect the November 22, 2014 owners' resolution may have had on the Linden Green governing documents.[5]  As stated in the Order, further development of the facts is necessary.[6]  However, the Court did note that Larkin is limited in the testimony she can rely upon to prove her counterclaim.[7]

2.     On October 12, 2020, Linden Green filed this  Motion arguing: (1) Larkin is unable to make a prima facie case as to liability against Linden Green;[8] and

---

[1] Pl. Countercl. Def.'s Mot. for Reargument, D.I. 86.
[2] Def. Countercl. Pl. Resp. to Mot. for Reargument, D.I. 88.
[3] Oct. 5, 2020 Order, D.I. 85.
[4] *Id.* at 6.
[5] *Id.*
[6] *Id.* at 7.
[7] *Id.*
[8] Pl. Countercl Def.'s Mot. for Reargument, at 2., D.I. 86.

(2) the owners' resolution is simply a restatement of Larkin's current evidentiary burden, which she is unable to meet.[9]

3.    In opposition, Larkin argues that Linden Green's motion simply reiterates what Linden Green already argued in its motion for summary judgment.[10] Larkin asserts that there appears to be no manifest injustice, changes in law, or even new evidence that would allow the Court to grant the Motion.[11] Further, Larkin contends that Linden Green's position, with respect to the owners' resolution, consists of a new argument, which is not an appropriate basis for granting reargument.[12]

4.    Superior Court Civil Rule 59(e) provides that reargument is appropriate only if, "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[13] A motion for reargument is not an opportunity for a

---

[9] *Id.* at 3.
[10] Def. Countercl. Pl's resp. to Mot. for Reargument, at 4, D.I. 88.
[11] *Id.*
[12] *Id.*
[13] Super. Ct. Civ. R. 56(e); *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Ct. Jan. 3, 2013) (citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super Ct. Jan. 31, 2006)).

3

party to rehash arguments already decided by the Court or to present new arguments not previously raised.[14]

5.     Here, the Motion simply rehashes arguments already ruled upon by the Court. The Court applied the appropriate standard when analyzing whether the motion for summary judgment should be granted. As the Court explained in its Order, genuine issues of material fact exist as to the damages caused to Larkin's unit. Although Larkin is limited in the testimony she can provide, this does not foreclose her action. Further, the Court noted that outstanding facts remain to be developed concerning the November 22, 2014 owners' resolution and its effect on the Linden Green governing documents. Linden Green first broached this subject in the Motion for Reargument, which is not the appropriate place to present new arguments not previously raised.

6.     The Court finds that Linden Green has not demonstrated that the Court overlooked controlling precedent or legal principles, or misapprehended the law or facts. Moreover, Linden Green has failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice.

---

[14] *Strong*, 2013 WL 1228028, at *1 (citing *Kennedy*, 2006 WL 488590, at *1; also citing *Hennegan v. Cardiology Consultants, P.A.*, 2008 WL 4152678, at *1 (Del. Super. Ct. Sept. 9, 2009)).

4

**THEREFORE**, Plaintiff Counterclaim Defendant Linden Green's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

5